```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ROSALYN JOSEPH,                                                   :
:
:
    Plaintiff,                                                    :
:        23-cv-01960 (LJL)
    -v-                                                           :
:            ORDER
:
SAVIAN PIZZA CORP., TRINACRIA GROUP                               :
STATEN ISLAND INC., AND SALVATORE                                 :
LOPICCOLO,                                                        :
:
:
    Defendant.                                                    :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

On March 7, 2023, Plaintiff filed a complaint against defendants Savian Pizza Corp., Trinacria Group Staten Island Inc., and Salvatore Lopiccolo asserting various violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and New York State law stemming from Plaintiff's employment as a delivery worker at defendants' pizzeria located in Staten Island New York. Dkt. No. 1. Although the complaint was filed in this District, the complaint states that "[v]enue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in [that] District." *Id.* ¶ 5.

"Title 28, United States Code, Section 1391(b) ('Section 1391(b)'), in relevant part, provides that a civil action may be brought in '(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located' or '(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.'" *Garland v. Carter*, 2022 WL 5110953, at *1 (E.D.N.Y. Oct. 4, 2022).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "A district court may transfer a case pursuant to 28 U.S.C. § 1406 on a motion by either party or *sua sponte* on its own motion." *Johnson v. Green*, 2019 WL 4858276, at *2 (D. Conn. Oct. 2, 2019). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005).

Here, transfer of this case to the Eastern District of New York is appropriate under 28 U.S.C. § 1406(a). Venue does not properly lie in this District. It does not appear that any of the defendants reside in the Southern District of New York and Plaintiff does not allege that any events or omissions occurred in the Southern District of New York. *See* Dkt. No. 1. This action also could have been brought in the Eastern District of New York, as the complaint alleges that "all events relevant to this action occurred in [the Eastern District], and the acts and omissions giving rise to the claims herein alleged took place in [that] District." *Id.* ¶ 5. Furthermore, the Court concludes that transfer—rather than dismissal—is in the interest of justice.

For these reasons, the Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Eastern District of New York.

SO ORDERED.

Dated: June 16, 2023
      New York, New York

                                         LEWIS J. LIMAN
                                         United States District Judge